UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MARCIA MICHELE ROBBINS and SHANNON FORD, | ) ) ) |
| Plaintiffs, | ) ) No. _____ |
| v. | ) ) ) |
| NATIONAL HEALTH CORPORATION, | ) ) ) |
| Defendant. | ) ) ) |

COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

Come now the plaintiffs, Marcia Michele Robbins and Shannon Ford, and file this Complaint pursuant to Section 216(b) *et seq.* of the Fair Labor Standards Act (hereinafter "FLSA") and state the following:

1. Plaintiff Marcia Michele Robbins ("Robbins") is an adult resident of Overton County, Tennessee. Plaintiff Shannon Ford ("Ford") is an adult resident of Overton County, Tennessee. Robbins and Ford are collectively referred to as "plaintiffs" and all reside in the Northeastern Division of the United States District Court for the Middle District of Tennessee.

2. Each plaintiff is licensed by the State of Tennessee as a practical nurse ("LPN"). Plaintiffs are employees of defendant as defined by 29 *U.S.C.* § 203 *et seq.* of the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that they were employed by defendant and regularly worked more than 40 hours per week providing Services on behalf and for the benefit of the defendant in the State of Tennessee but were not paid overtime wages. Each plaintiff files

1

contemporaneous herewith a Consent to Become a Party Plaintiff in the case *sub judice.* (Exhibits A and B).

3. Defendant National Health Corporation is a Tennesse corporation authorized to do and doing business in the State of Tennessee ("defendant"). Defendant's principal place of business is 100 East Vine Street, Suite 1400, Murfreesboro, Tennessee. The registered agent for service of process for defendant is National Registered Agents, Inc., 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

4. At all times material to this action, defendant was an enterprise engaged in commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales that exceeded $500,000.00.

5. This Court has subject matter jurisdiction pursuant to 28 *U.S.C.* § 1331 as this cause of action arises under the FLSA. Venue of this action is proper pursuant to 28 *U.S.C.* § 1391.

## FACTS

6. Robbins was employed by defendant from November 20, 2006 through August 26, 2016. Ford was employed by defendant from August 20, 2014 through May 26, 2017. Plaintiffs are employees of the defendant within the meaning of the FLSA.

7. Defendant is the employer of plaintiffs within the meaning of the FLSA.

8. From August 30, 2014, through the date of filing this Complaint, the defendant had an established seven (7) consecutive day work week beginning Monday of each week and ending the following Sunday ("work week").

9. Through plaintiffs, who are employees of the defendant, the defendant provides nursing home health care to the homebound patients in Tennessee. Incident to the delivery of this nursing care are plaintiffs' preparation and gathering of supplies at defendant's facility, travel to and from defendant's patients' homes, patient communications via email and telephone, coordination of care with defendant's patients' other health care providers, documentation in defendant's patients' medical records and defendant's required in-service training and office meetings ("Services").

10. The Services plaintiffs rendered on behalf and for the benefit of defendant were a necessary, indispensable and integral part of and essential to the operations of defendant.

11. Plaintiffs are not employed by defendant in an executive, administrative or professional position, nor are they subject of any collective bargaining agreement.

12. Plaintiffs are not salaried overtime exempt employees, nor did they receive a weekly base wage from defendant.

13. Plaintiffs were and are paid by defendant variably depending upon the Services rendered on behalf and for the benefit of defendant. Plaintiffs were paid an hourly rate, in part, for attending in-service training and office meetings and a flat rate for home visits, including the gathering of supplies at defendant's facility, patient communications, transport of those supplies to patient homes and medical record documentation. Additionally, defendant only partially compensated plaintiffs for the travel hours they expended from portal to portal.

14. The overtime wage provisions of the FLSA set forth in 29 *U.S.C.* §§ 206 and 207 apply to defendant; accordingly, defendant is required to pay plaintiffs overtime wages at a rate of one and one-half times plaintiffs' applicable hourly rates of pay applicable for the time and

shift hours plaintiffs worked in excess of 40 hours per work week.

15. Plaintiffs have regularly worked greater than 40 hours per work week, and defendant has failed and refused to pay plaintiffs overtime in accordance with the FLSA. Additionally, the actions of defendant violated the portal to portal provisions of the FLSA in that defendant refused and failed to pay plaintiffs all overtime wages for all travel time that occurred when plaintiffs were on-call and traveled from their homes to defendant's patients' homes.

16. The actions of defendant in failing to pay plaintiffs overtime for all hours they worked in excess of 40 hours per work week are not in good faith and are willful, deliberate and in knowing violation of the FLSA.

## CAUSES OF ACTION

17. By virtue of the facts alleged herein and pursuant to 29 *U.S.C.* § 216(b) plaintiffs are entitled to a judgment for their uncompensated overtime wages.

18. By virtue of the facts alleged herein and pursuant to 29 *U.S.C.* § 216(b) plaintiffs are entitled to a judgment of an additional amount equal to their uncompensated overtime wages as liquidated damages, and further, plaintiffs are entitled to prejudgment interest, attorneys' fees and litigation expenses and costs.

**WHEREFORE**, plaintiffs, pursuant to 29 *U.S.C.* § 216(b) of the FLSA, pray for the following relief:

(a) Plaintiffs be awarded damages in the amount of their respective uncompensated overtime wages, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

(b) Plaintiffs be awarded reasonable attorneys' fees;

(c) Plaintiffs be awarded their costs and expenses of this action;

(d) Plaintiffs be awarded prejudgment interest; and

(e) Plaintiffs be granted such other and further general and/or special legal and/or equitable relief to which they may be entitled or the Court deems proper.

Respectfully submitted,

/s/ Cynthia A. Wilson
Cynthia A. Wilson, BPR No. 13145
MADEWELL, JARED, HALFACRE, WILLIAMS AND WILSON
Attorneys for Plaintiff
230 North Washington Avenue
Cookeville, Tennessee 38501
931-526-6101